**\*E-FILED 8/10/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DORON ASPITZ,<br><br>  Plaintiff,<br>  v.<br><br>WITNESS SYSTEMS, INC,<br><br>  Defendant. | NO. C 07-02068 RS<br><br>**ORDER TRANSFERRING ACTION** |

## I. INTRODUCTION

Defendant Witness Systems, Inc. moves to dismiss this action for improper venue, based on the argument that a contractual forum selection clause requires this dispute to be litigated in New York. Witness Systems also moves under Rule 12 (b) (6) of the Rules of Federal Civil Procedure for dismissal based on failure to state a claim. Plaintiff Doron Aspitz, in turn, moves for leave to amend to add a non-diverse defendant, and for a subsequent remand to Santa Clara Superior Court. The Court concludes that the claims in this action are subject to an enforceable forum selection clause requiring the litigation to proceed in New York. Pursuant to 28 U.S.C § 1406 (a) the case will be transferred to the Southern District of New York, in lieu of dismissal. As a result, the Court cannot and will not reach the merits of Aspitz's motion for leave to amend or Witness System's dismissal motion under Rule 12 (b) (6).

1

## II.  BACKGROUND

### A. Facts

Aspitz alleges the following: he was the founder and principal common shareholder of Blue Pumpkin Software Inc.  In 2004, Blue Pumpkin entered into a written agreement with defendant Witness Systems, Inc. whereby Blue Pumpkin was acquired by and merged into Witness Systems. A reserve of 10% of the purchase price was placed in escrow for the defense and settlement of certain pending litigation or other claims against Blue Pumpkin.  An individual named Laurence Hootnick was appointed as the "Shareholder Agent" and given authority to administer the escrow fund.  The former Blue Pumpkin shareholders (who ultimately would receive any balance remaining in  the escrow fund) retained the power to replace Hootnick.

In February of 2006, a majority of the former Blue Pumpkin shareholders voted to replace Hootnick with Michael Bateman.  Shortly thereafter, Bateman authorized the balance of the escrow fund (in excess of $7.5 million) to be applied to an $11.25 million settlement of a patent infringement lawsuit that had been pending against Blue Pumpkin for some time.

Aspitz contends that the settlement value of the patent infringement action had previously been valued at less than $1.25 million.  Aspitz alleges that Witness Systems orchestrated Hootnick's ouster when he reasonably objected to applying the entire escrow balance to the settlement.  Aspitz believes that, through an effort "spearheaded" by Bateman, Witness Systems engaged in "vote buying"–promising other former Blue Pumpkin shareholders a one-time payment in exchange for their agreement to elect Bateman as the new Shareholder Agent.

Based on these facts, Aspitz asserts three "causes of action"[1]: breach of fiduciary duty, "vote-buying", and violation of certain California Corporations Code provisions governing mergers. Aspitz asserts five additional causes of action arising from the following related allegations:  Prior to the merger, Witness Systems offered to employ Aspitz.  In reliance on that offer, Aspitz signed a two-year non-competition agreement.  When the merger was completed, Witness Systems withdrew the employment offer.  Aspitz was thereafter unable to be employed in his field of experience for

---

[1] Because the complaint was filed in state court, it does not utilize the preferred federal nomenclature "claim for relief."

2

two years, and lost offers for jobs owing to prospective employers' unwillingness to risk becoming involved in a dispute as to whether Aspitz was violating the agreement, even though, according to Aspitz, those jobs would not have implicated the non-compete agreement.

There are three written contracts involved to one degree or another in this action. The first is the merger agreement between Blue Pumpkin and Witness Systems. It has explicit and broad provisions calling for any action "arising out of or relating to" the agreement to be litigated in "any state or federal court sitting in New York, New York," under New York law. The second agreement is a "support agreement" whereby Aspitz *individually* agreed to vote his shares in favor of the merger. It too calls for venue in New York, but rather curiously, calls for the application of California law. The third agreement is a non-competition agreement Aspitz entered into with Witness Systems. It calls for a California forum and California law to apply.[2]

B. Procedural Matters

Aspitz originally brought this action in Santa Clara Superior Court. Witness Systems filed a timely notice of removal to this court, based on diversity of citizenship between the parties. Witness Systems then filed the present motion to dismiss. Days later, Aspitz filed his motion for leave to amend and to remand, and a motion under Civil Local Rule 6-3 to permit those motions to be heard before defendant's motions. Acknowledging that granting *either* set of motions could moot the other, the Court rejected Aspitz's request for relief under Rule 6-3, and set all the motions for hearing on the same date.

Upon closer examination of the issues, however, it is appropriate to address Witness System's motion to dismiss for improper venue prior to any consideration of the other questions. Although that motion does not challenge the *jurisdiction* of the Court to hear this matter, if venue is found to be improper, it would be inappropriate to address the other motions. Accordingly, the Court

---

[2] A fourth document is a written employment offer made by Witness Systems to Aspitz which he never executed. It called for arbitration in California. Aspitz points to it as additional evidence that the parties recognized that claims between him and Witness Systems (as opposed to claims between Blue Pumpkin and Witness Systems) would be resolved in California.

3

turns first to that motion.[3]

## III. DISCUSSION

Aspitz's primary theory for avoiding the various New York forum selection clauses is that, (a) he is not a party to the merger agreement, and (b) this action does not, in his view, arise out of the support agreement. Aspitz further contends that at a bare minimum, only his claims arising from the alleged "vote-buying" and from the disposition of the escrow balance are arguably subject to the New York forum selection clauses. In contrast, Aspitz contends, his claims related to his employment are unarguably proper here under the non-competition agreement's California forum selection clause. Indeed, Aspitz claims, Witness Systems expressly *waived* objections to the California forum in the non-competition agreement.

Aspitz's contention that, at a minimum, the "employment" claims are properly brought in this forum because they fall under the California forum selection clause has at least some superficial appeal. Ultimately, however, Aspitz has not shown that the "employment" claims "arise out of" the non-compete agreement at all, much less that they are more closely related to that agreement than to the agreements containing New York forum selection clauses. The *existence* of the non-compete agreement may have contributed to some of Aspitz's damages, but his claims are not for a *breach* of the agreement. Nor is he suing to rescind it or have the non-competition agreement declared unenforceable–rather, by the time he sued it had already expired. It may be the "employment" claims are not claims for breach of the merger or support agreement *either*, but they "relate" to those agreements just as much as they "relate" to the non-competition agreement.

Aspitz's other points–that he is not a party to the merger agreement and that the support agreement is not implicated by his claims–are similarly not persuasive. As an initial matter, the fact that Aspitz did not sign the merger agreement in an individual capacity is not controlling. See *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir.1988) (rejecting claim

---

[3] It is true that if Aspitz were allowed to amend, that could well defeat jurisdictio,n but there is no dispute that the *existing* complaint supported removal based on diversity and that jurisdiction presently exists in this Court. Had Aspitz's remand motion had been based on a claim of *improper or defective* removal, it arguably would have taken priority over Witness System's motion to dismiss based on venue, but as matters lie, the venue question must be addressed first.

4

1 that non-signatory was not bound by forum selection clause, because "a range of transaction
2 participants, parties and non-parties, should benefit from and be subject to forum selection clauses.")
3 Moreover, in this instance the Court need not decide whether the merger agreement, standing alone,
4 would bind Aspitz, given that he undisputedly signed the support agreement in his individual
5 capacity.[4] Furthermore, Aspitz's contention that his present claims do not arise from the support
6 agreement is based on an overly restrictive view of the issues. Aspitz's suit arises from the
7 transaction between Witness Systems and Blue Pumpkin, in which Aspitz played multiple important
8 roles. The support agreement was an integral part of that transaction. Although Aspitz may not be
9 directly challenging any of the support agreement's terms, or claiming that Witness Systems
10 breached it, it is part of what ties together the entire transaction and Aspitz's relationship to it.
11 Accordingly the Court cannot simply conclude, as Aspitz urges, that this action is outside the scope
12 of forum selection clauses in the support agreement and in the merger agreement.

13 As noted, modern law generally favors forum selection clauses, and they will be enforced
14 unless unreasonable under the circumstances. "A forum selection clause is unreasonable if, "(1) its
15 incorporation into the contract was the result of fraud, undue influence, or overweening bargaining
16 power, [citations]; (2) the selected forum is so 'gravely difficult and inconvenient' that the
17 complaining party will 'for all practical purposes be deprived of its day in court,' [citation]; or (3)
18 enforcement of the clause would contravene a strong public policy of the forum in which the suit is
19 brought." *Argueta*, *supra*, 87 F.3d at 325. Here, Aspitz makes no claim of fraud, undue influence,
20 or overweening bargaining power. The transaction between Blue Pumpkin and Witness Systems

---

[4] The parties dispute the effect of certain provisions in the merger agreement relating to third-party beneficiaries. Aspitz relies on a statement that disavows any intent to benefit third parties, with specified exceptions. Aspitz argues he does not fall within an exception for persons with a right to "compensation" from the escrow fund, but his contention that the exception was only intended to apply to third party claimants against the fund, not former Blue Pumpkin shareholders, is less than compelling. The escrow fund represented part of the "compensation" Aspitz and other Blue Pumpkin shareholders were to receive in the transaction, and the exception to the "no-third party beneficiaries" provision appears to be an explicit recognition of that fact. Conversely, however, Witness System's argument that Aspitz also falls under another exception for persons entitled to receive certain ongoing employment benefits is not persuasive, because that would appear to mean only that he was an intended third party beneficiary *with respect to such benefits.* In light of Aspitz's status as an individual party to the support agreement, though, the merger agreement's provisions regarding third party beneficiaries are of little consequence to this motion.

5

was extensively negotiated, the parties were represented by counsel, the contractual documents were specifically drafted for the transaction and could not be characterized as adhesive. Aspitz has made some showing of the inconvenience he would face in litigating in New York, but not such a compelling showing that it is possible to conclude he would "for all practical purposes be deprived of [his] day in court."

The Court has given careful consideration to whether issues of public policy, of either New York or California, would serve to make enforcement of the venue provision unreasonable. At first blush it would seem that New York has no interest in the matter. Given the public resources necessarily expended in the course of litigation between parties, New York arguably has a legitimate interest in *not* expending those resources for the benefit of outsiders. Courts have occasionally, although rarely, declined to enforce forum selection clause where the selected forum has no or little relationship to the parties and the dispute *See, e.g., Carefree Vacations, Inc. v. Brunner*, 615 F.Supp. 211 (D.C.Tenn.,1985).

New York, however, has expressly opened its courts to outsiders who wish to have their contractual relationships governed by New York law. See N. Y. General Obligations Law §§ 5-1401–5-1402 . While these statutes apply to state, not federal court, they serve to undercut any notion that it would be improper to burden New York with a controversy having scant relationship to that forum.[5]

Finally, the Court is mindful that pursuing this litigation in New York would appear to place more of a burden on Aspitz than it will on Witness Systems, but that is not a factor permitting the forum selection clauses to be disregarded. Accordingly, this action must be pursued in New York.

28 U.S.C. § 1406 (a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." No reason appears here that would militate in favor of dismissal rather than transfer.

---

[5] As noted above, the support agreement calls for California law to apply, so an action based solely on it would not come within the express ambit of these statutes.

IV. CONCLUSION

For the reasons set out above, this action shall be transferred to the Southern District of New York, pursuant to 28 U.S.C. § 1406 (a).  The Court will not reach or decide Aspitz's pending motions or Witness Systems' motion to dismiss under Rule 12 (b) (6).

IT IS SO ORDERED.

Dated: August 10, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge